## (November 14, 1966)

■ F. LEE KEATOR et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43164.) — STALEY, JR., J. Appeal by the State of New York from a judgment of the Court of Claims entered on the 14th day of July, 1965, which awarded the sum of $15,900 with interest thereon from June 12, 1963, to claimants. The claimants were the owners of certain lands in the Town of Middletown, County of Delaware, State of New York, with frontage on both sides of Route 30. The parcel on the northerly side of the highway had a frontage of 138 feet and had improvements thereon consisting of a wood frame clubhouse resting on stone piers which was 52 feet long and 24 feet deep, a parking area, a retaining wall and two driveways. The parcel on the southerly side of the highway was unimproved, had a frontage of 75 feet, and a depth of about 20 feet. The rear line of this parcel bordered on the northerly side of the east branch of the Delaware River. On June 12, 1963, the State of New York, pursuant to section 30 of the Highway Law, appropriated in fee, a portion of the premises lying on the northerly side of the highway as shown on Map 59, Parcel No. 116 Margaretville-Halcottsville, S. H. No. 5384. This taking eliminated the clubhouse and parking area.

Claimants' remaining land admittedly is only of nominal value. The decision of the trial court does not disclose how it arrived at the before taking value of $16,000 and the after value of $100, nor does it separate direct and consequential damages. In arriving at damages so greatly in excess of the State's proof, the trial court necessarily relied to a great extent on the proof adduced from the claimants' expert, which incorrectly added building reproduction costs to land value, without any suggestion that the property was either unique or a specialty. (*Guthmuller* v. *State of New York*, 23 A D 2d 597.) It is not necessary, however, to remand for a new trial since a proper award may be made upon the evidence adduced upon the trial. We find that the value of the property, as enhanced by the river frontage, was $12,100 before the taking, and the after value was $100, the resulting damages being $12,000 of which $9,800 was direct damage and $2,200 was consequential damage. Judgment modified, on the law and the facts, so as to reduce the award to $12,000 and appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.